# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH MILLER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-19-2531 |
| | | (Related Cases: ELH-20-32; |
| LT. MICHAEL TATE, | * | ELH-20-101) |
| Defendant. | * | |

***

## MEMORANDUM

On August 30, 2019, plaintiff Joseph Miller filed suit against Lt. Michael Tate, alleging that the identification band he received at the Montgomery County Correctional Facility incorrectly listed his name as "Joseph Miller-Evans," when in fact his name is Joseph Miller. ECF 1. On September 12, 2019, I dismissed Miller's Complaint because it did not rise to a level of impermissible deprivation under 42 U.S.C. § 1983. ECF 3. Miller appealed to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal and remanded the case to this court with instructions to allow Miller to amend his Complaint. ECF 11; *Miller v. Tate*, No. 18-7435 (4th Cir. Dec. 20, 2019) (per curiam). The mandate issued on January 13, 2020. ECF 13.

By Order of December 20, 2019 (ECF 12), I granted Miller until January 21, 2020, to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and includes: 1) the names of the individuals whom he claims are responsible for the alleged wrongdoing; 2) the federal law or constitutional provision that was allegedly violated; 3) the dates of the alleged incidents; and 4) the facts supporting his claim.

On January 6, 2020, and on January 13, 2020, Miller filed civil rights complaints against Governor Hogan. *See Miller v. Hogan*, Civil Actions ELH-20-32 and ELH-20-101. Both cases

were consolidated with this case, pursuant to orders of January 29, 2020, and January 31, 2020, in the respective cases.

In the Amended Complaint, Miller alleges that the State of Maryland "erroneously had plaintiff prosecuted for no reason." ECF 15 at 2. Further, he states that "Joseph Miller Evans did not commit parole violation and robbery in D.C. but in Va. – Arlington." *Id.* at 3. Miller also avers that "it is absolutely hard to find out who exactly instituted the erroneous due process violation because thousands took part." *Id.* He does not mention Lt. Tate, the defendant he initially sued. Rather, he simply states that Governor Hogan is responsible for Maryland law enforcement and is therefore responsible for the incorrect information.

Miller filed this suit in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). The statute permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, however, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Section 1983 of Title 42 of the United States Code provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g.*, *Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 135 S. Ct. 1983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)

2

(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

Section 1983 also requires a showing of personal fault based upon a defendant's personal conduct. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (internal punctuation omitted)); *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). In other words, there is no respondeat superior liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

Miller has failed to allege how Lt. Tate or Governor Hogan personally participated in the

alleged violation of his rights. As noted, under § 1983, individual liability must be based on personal conduct. As Miller has failed to state a claim pursuant to § 1983, his claims against defendants shall be dismissed, without prejudice.

An Order follows.

Date: February 3, 2020 	/s/
	Ellen L. Hollander
	United States District Judge